CHARLES L. BLANDING *vs.* WILLIAM F. SAYLES.

PROVIDENCE—JANUARY 10, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Petition for New Trial. Procedure.*

A petition for a new trial under the statute cannot be properly filed until after a final decision in the Common Pleas Division. Preferring such petition from an interlocutory decision is premature.

ASSUMPSIT ON BOOK ACCOUNT. For previous decision in this case see 21 R. I. 211.

To assist the understanding of the case before the court, considered in this and the former opinion, a statement of the case is here presented, together with the rescript filed by the Common Pleas Division. After the empaneling of a jury for the trial of the action, the parties entered into an agreement in writing for the appointment of an auditor to hear the parties and their evidence and report to the court. The auditor heard the case and filed his report. The defendant thereupon filed exceptions and objections to the report contemporaneously in both divisions of the Supreme Court. The plaintiff moved that the objections and exceptions be dismissed and decision rendered in accordance with the report of the auditor. Upon a hearing upon the plaintiff's motion and defendant's exceptions by the Common Pleas Division,

the motion to confirm the report was granted, and decision entered for the plaintiff for the *ad damnum* named in his writ. The defendant, after such decision for the plaintiff, claimed a new trial upon exceptions thereto. This petition was heard and denied. See *Blanding* v. *Sayles*, 21 R. I. 211. The defendant then moved in the Common Pleas Division that the decision previously rendered by said Division be vacated, and said cause be set down for hearing upon defendant's objections and exceptions. Thereupon the plaintiff moved that judgment be entered in accordance with the decision of the court, and that defendant's motion be dismissed. Upon hearing, the Common Pleas Division ruled that its decision be vacated and the cause assigned for hearing upon plaintiff's original motion to dismiss defendant's objections and exceptions and render decision for the plaintiff in accordance with the report of the auditor, and the following rescript was filed by said Division:

RESCRIPT.

May 27, 1899.

Wilbur, Douglas, and Dubois, JJ.

A careful examination of the statutes and the authorities cited by counsel has convinced us that the auditor appointed in an action of assumpsit is intended to have only those powers which were possessed by auditors at common law in actions other than the action of account. Hence the report is not a decision, as in the action of account, nor an award, such as is made by referees. The object of an auditor's report is to bring together material upon which the court may make a decision.

It is competent, therefore, to consider any exception based upon a question of law or fact. When facts are brought in question, if a trial by jury is to follow, the court may properly decline to decide them, as was the case in *Hunt* v. *Reynolds*, 9 R. I. 303; but where a jury trial has been waived in advance, we see no reason for refusing to consider such questions as well as questions of law. The waiver of jury trial does not surrender any issues, it only changes the tribunal.

The case will stand for assignment for hearing upon the exceptions to the report.

Thereupon the plaintiff claimed a new trial on exceptions to the rulings of the court denying his motion for judgment and vacating its decision and granting a hearing upon the defendant's exceptions to the report of the auditor. The cause thereupon came before this court, which rendered the following opinion.

(1)    MATTESON, C. J.   A majority of the court thinks the plaintiff's petition is premature.   Unless the decision of the Common Pleas Division of June 18, 1898, was a final one, which the court did not decide in its former opinion (21 R. I. 211), as the plaintiff assumes, the orders of the Common Pleas Division vacating that decision and assigning the case for hearing on the defendant's exceptions to the auditor's report were merely interlocutory, and a petition for new trial cannot be properly filed until a final decision has been reached in that Division.   *Taylor* v. *Loomis*, 21 R. I. 277.

Should the court be of the opinion, on consideration of the present petition, that the Common Pleas Division had authority to vacate its decision of June 18, 1898, then its decision on the present petition would be a mere *dictum*, the petition not being properly before it.

It may be that when the Common Pleas Division has heard the exceptions, it will overrule them ; in which event there will be no occasion to pass on the questions raised by the present petition.   If, on the other hand, that Division sustains the exceptions in whole or in part, the plaintiff, having excepted to the ruling vacating the decision of June 18, 1898, will then have his remedy by petition for new trial to have the questions presented by this petition determined.

Petition denied, and case remitted to the Common Pleas Division for further proceedings.

*Miller & Carroll*, for plaintiff.

*Edwards & Angell* for defendant.